IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00386-WYD-MEH

JOSEPH C. LANIER, III,

    Plaintiff,

v.

JUDGE WILLIAM B. SYLVESTER, in his personal capacity,

    Defendant.

---

**ORDER ON DEFENDANT'S MOTION TO STAY DISCOVERY**

---

Pending before the Court is Defendant's Motion to Vacate Scheduling Conference and Stay Discovery Pending Determination of Motion to Dismiss [filed May 7, 2008; doc #10]. The matter is briefed and has been referred to this Court for disposition [doc #11]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, Defendant's Motion is **granted**.

**I.**  **Background**

Plaintiff instituted this action on February 25, 2008. In essence, Plaintiff alleges that his constitutional rights were violated when, on December 31, 2007, Defendant ordered Plaintiff's home sold in foreclosure proceedings without holding a hearing. See Complaint at 3 [doc #1]. On April 29, 2008, Defendant responded to the Complaint by filing a Motion to Dismiss [doc #7]. Thereafter, on May 7, 2008, Defendant filed the within Motion to Vacate Scheduling Conference and Stay Discovery, alleging that until the question of whether he is entitled to absolute immunity is resolved, he "should not be subjected to the burdens of discovery." *See* doc #10 at 2. Plaintiff did not timely respond to the Motion to Stay. *See* doc. #15.

## II. Discussion

The Supreme Court has emphasized the broad protection absolute and qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.' " *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Consequently, courts should resolve the purely legal question raised by an immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001).

In this case, Defendant filed a Motion to Dismiss the claims set forth in Plaintiff's Complaint alleging, among other defenses, that he enjoys absolute immunity from Plaintiff's claims.

The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Because Defendant's Motion to Dismiss raises a legal question of this Court's jurisdiction over the subject matter of the dispute, the question should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534. Consequently, the Court will grant the stay as to all discovery in this matter pending the disposition of the Motion to Dismiss filed by Defendant. In addition, the Court will vacate the Scheduling Conference currently set for June 5, 2008.

## III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Vacate Scheduling Conference and Stay Discovery [filed May 7, 2008; doc #10] is **granted**. The Scheduling Conference currently set for June 5, 2008 is hereby **vacated**. All discovery is hereby

stayed in this case pending the District Court's ruling on Defendant's Motion to Dismiss. The parties are directed to submit a status report within five days of the entry of any order adjudicating the pending motion to dismiss.

Dated at Denver, Colorado, this 3rd day of June, 2008.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge