IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00386-WYD-MEH

JOSEPH C. LANIER III,

    Plaintiff,

v.

JUDGE WILLIAM B. SYLVESTER, in his personal capacity,

    Defendant.

_____

## RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
_____

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendant Sylvester ("Motion") [filed April 29, 2008; doc #7], in response to the Plaintiff's Complaint [doc #1]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1.C, the Motion has been referred to this Court for recommendation. The Court recommends that, for the reasons stated herein, the Motion be **granted**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**BACKGROUND**

Plaintiff's complaint alleges that, in December 2007, JP Morgan Chase Company brought an action in foreclosure and filed a motion for an order to sell Plaintiff's home at auction in the District Court for Arapahoe County. Doc. #1 at ¶ 4. Plaintiff contends that the defendant, Judge Sylvester of the District Court for Arapahoe County, denied him a hearing set for December 31, 2007, at which Plaintiff wanted the opportunity to present his argument that JP Morgan had not properly recorded its deed of trust or any other lien interest on the Plaintiff's house. *Id.* at ¶¶ 5-6. Defendant ordered Plaintiff's home to be sold in an auction by the Public Trustee for Arapahoe County. *Id.* at ¶ 7. Plaintiff's house was sold on February 6, 2008. *Id.*

Plaintiff filed the current action against Judge Sylvester, alleging that the Defendant "wilfully and maliciously violated the Plaintiff's due process and civil rights" [doc. #1 at ¶ 11], and seeking damages and declaratory relief under 42 U.S.C. §1983 [*id.* at ¶ 13]. Thereafter, on April 29, 2008, the Defendant filed the within Motion to Dismiss on the grounds that Defendant is entitled to absolute judicial immunity from an action for money damages. Doc. #7. Plaintiff filed a Response and Objection to Motion to Dismiss on May 30, 2008, arguing that, having violated the Constitution, Defendant is not entitled to any immunity, but that if Defendant is entitled to any immunity, it should be qualified. *See, e.g.,* doc. #16. Thereafter, during the pendency of this matter, Plaintiff filed an Amended Complaint pursuant to Fed. R. Civ. P. 15(a) adding three additional defendants and corresponding claims, but alleging no claims against Judge Sylvester that are different than those set forth in the original complaint.[2] *See* doc. #20.

---

[2] Although the Amended Complaint lists a number of allegations titled, "Against Defendant Judge William B. Sylvester" involving a "conspiracy" among "Defendants in section V," there exists no "section V" in the Amended Complaint, the complaint fails to identify

**DISCUSSION**

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197 (2007); *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1968-69 (2007). Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief-- that is -- a complaint must include "enough facts to state a claim for relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). The complaint must sufficiently allege facts supporting all of the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). Because Plaintiff is proceeding *pro se,* I must construe his complaint liberally, holding it to less stringent standards than a formal pleading drafted by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972).

---

"Defendants in section V," and the allegations do not appear to include Judge Sylvester. Therefore, this Court recommends finding that the Amended Complaint contains no claims against Judge Sylvester that are additional to, or different than, those listed in the original Complaint.

Construing the Plaintiff's Complaint and Amended Complaint[3] liberally, the Court finds that his claims against Defendant are raised under 42 U.S.C. § 1983 ("Section 1983") for violation of his due process and equal protection rights under the Fourteenth Amendment. Judicial immunity has been extended to suits brought under Section 1983. *See Pierson v. Ray,* 386 U.S. 547 (1967). If the Defendant is entitled to absolute judicial immunity for his actions, then the Plaintiff's claims should be dismissed at the outset. *Horowitz v. State Bd. of Med. Exam'rs of the State of Colorado*, 822 F.2d 1508, 1512 (10th Cir. 1987).

**I.     Judicial Immunity**

To determine whether officials are eligible for absolute immunity for a particular function, courts look for a historical or common law basis for that immunity. *Mitchell v. Forsythe*, 472 U.S. 511, 521 (1985). Courts have long extended immunity to judges acting in their official capacities. *See Bradley v. Fisher*, 80 U.S. 335, 351 (1872). Recognizing that it is a "general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon its own convictions, without apprehension of personal consequence," *id.* at 347, the Supreme Court held that "judges of courts of superior or

---

[3]Fed. R. Civ. P. 15(a) allows amendments as a matter of course if a responsive pleading has not been filed. *See Adams v. Campbell County Sch. Dist.,* 483 F.2d 1351, 1353 (10th Cir. 1973) ("[a] motion to dismiss is not a responsive pleading within the meaning of [Fed. R. Civ. P.] 15(a)"). Nonetheless, the right to amend as a matter of course is not absolute. *Hafen v. Carter,* 248 Fed. Appx. 43, *2 (10th Cir. 2007). "Defendants and the courts should not be tasked with responding to futile amendments, and thus a court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." *Id.* (internal quotation marks omitted). Here, no responsive pleading has been filed; thus, Plaintiff may file an amended complaint without leave of court. However, construing the pleading liberally, the Amended Complaint sets forth no claims against Judge Sylvester that are different than those in the original Complaint. Therefore, the Amended Complaint against Judge Sylvester could not survive a second motion to dismiss in this matter.

general jurisdictions are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id.* at 351.

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he had acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley*, 80 U.S. at 351). "The Supreme Court has recognized only two exceptions to this immunity from suit: (1) 'a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity;' and (2) 'a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction.'" *Hicks v. Blythe*, 105 F.3d 669 (10th Cir. 1997) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). "The factor determining whether an act by a judge is a 'judicial' one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they deal with the judge in his judicial capacity." *Stump*, 435 U.S. at 360.

In the current case, Plaintiff alleges that the Defendant violated his due process and civil rights when he denied Plaintiff access to the court in violation of the mandatory provisions set forth in 42 U.S.C. §1981 and §1982. Plaintiff demands damages and declaratory relief under Section 1983. Assuming that the allegations are true, absolute judicial immunity bars both types of relief.

    A.    <u>Money Damages</u>

The Defendant is entitled to absolute judicial immunity from a claim for money damages because his actions were both judicial in nature and within his jurisdiction. First, granting the Rule 120 motion was a judicial action that was within the judge's judicial capacity. Plaintiff contends that absolute judicial immunity does not extend to violations of "clear established laws," even if they

5

were judicial actions. Plaintiff relies on a Ninth Circuit decision in support of this proposition. *Rankin v. Howard*, 633 F.2d 844 (9th Cir. 1980), *overruled by Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986). However, the Ninth Circuit later overruled this decision noting, "as long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." *Ashelman*, 793 F.2d at 1078.

Although the Defendant was sued "in his personal capacity," the allegations only concern the judge's consideration of and ruling on the motion, which are judicial actions. The expectations of the parties in this action were that they were dealing with the judge in his judicial capacity. Thus, the Complaint fails to state a claim against the Defendant in his personal capacity. *Schroeder v. Kochanowski*, 311 F. Supp.2d 1241, 1256 (D. Kan. 2004) (dismissing claims against judge in his personal capacity based solely on judicial actions); *see also Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002).

Second, this action was not in "clear absence of all jurisdiction." Although Plaintiff cites certain authorities for the proposition that when a judge acts outside of his jurisdiction, he is committing acts of "treason," Plaintiff presents no argument as to how the Defendant in this case exceeded his jurisdiction. Rather, the Defendant's actions clearly fall within his jurisdiction. In order to commence with a foreclosure sale in Colorado, it is a prerequisite for the holder of the note to obtain an order authorizing the sale from a "court of competent jurisdiction" in a proceeding governed by Colo. R. Civ. P. 120; *see also* Colo. Rev. Stat. § 38-38-105 (2007). In Colorado, district courts have jurisdiction over these matters. *Id.* Moreover, Rule 120 limits the scope of the hearing to issues regarding whether a default has occurred, making it permissible for the judge to refuse to hear matters outside of that scope. *Plymouth Capital Co., Inc. v. Dist. Ct. of Elbert County*,

955 P.2d 1014, 1017 (Colo. 1998) (*en banc*) ("the scope and purpose of a Rule 120 hearing is very narrow: the trial court must decide whether there is a reasonable probability that a default exists"). In a Rule 120 proceeding, the court "shall" examine the motion and any responses at the time and place of the hearing, "shall" determine whether there is a reasonable probability that a default or other circumstances authorizing a power of sale exist, and "shall" summarily grant or deny the motion in accordance with such determination. Colo. R. Civ. P. 120(d) (2008). Here, there is no allegation that Defendant failed to comply with such requirements.

While defendants in Rule 120 proceedings typically are allowed to present "any evidence . . . to controvert the moving party's evidence or to support a legitimate defense to the motion," including a "'real party in interest' defense," *see Goodwin v. Dist. Ct. in and for Sixteenth Jud. Dist.*, 779 P.2d 837, 842 (Colo. 1989), Plaintiff has presented no argument as to how his contention that his creditor's interest was improperly recorded constitutes a legitimate defense to the motion or a proper issue to be heard in the limited Rule 120 proceeding. Moreover, contrary to Plaintiff's contentions, his right to due process was not infringed as Rule 120 allows separate companion cases to the foreclosure hearing for any issues that might exceed the scope of the Rule 120 proceedings. *See, e.g., Plymouth Capital Co.,* 955 P.2d at 1017. Nevertheless, even if the judge denied the hearing in error, this would not constitute a "clear absence of all jurisdiction" or sufficient grounds to deprive the judge of his immunity against claims for money damages. *See Stump*, 435 U.S at 356.

B.  Injunctive Relief

In addition to seeking money damages, Plaintiff also seeks "declaratory relief that the sale of [his] house be set aside." Absolute judicial immunity also bars Plaintiff's claim for injunctive relief.

7

Historically, in *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), the Supreme Court held that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Id.*; *see also Schepp v. Fremont County*, 900 F.2d 1448 (10th Cir. 1990) (judges are not "shielded by absolute immunity from declaratory or injunctive relief"). However, in 1996, Congress effectively reversed *Pulliam* in the Federal Courts Improvement Act of 1996 (FCIA), Pub. L. No. 104-317 110 Stat. 3847 (1996). The FCIA amended Section 1983 to create an exception "that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Thus, in Section 1983 cases, absolute judicial immunity bars claims seeking injunctive relief. *Lawrence v. Kuenhold*, No. 06-1397 2008, WL 822458, at *3, n.6 (10th Cir. Mar. 27, 2008); *see also Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006) (holding that FCIA prohibits suits seeking injunctive relief against judges); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (noting that *Pulliam* has been "partially abrogated by statute"); *Mehdipour v. Purcell*, 173 F. Supp. 2d 1165, 1167 (W.D. Okla. 2001) ("*Pulliam* has been undercut by [FCIA]"). Defendant did not violate a declaratory decree, nor was declaratory relief unavailable to Plaintiff. Thus, under the 1996 amendment to Section 1983, Plaintiff is barred from seeking declaratory relief against the Defendant.

Regardless, even if the FCIA did not reverse the ruling in *Pulliam*, Plaintiff would be entitled to seek only **prospective** injunctive relief. Plaintiff, however, seeks a declaration that the sale of his property be set aside. Because Plaintiff essentially seeks to reverse the judgment of the state

court,[4] he does not seek any prospective injunctive relief and thus could not avail himself of *Pulliam*'s exception to judicial immunity.

## **CONCLUSION**

Based on the foregoing, and the entire record herein, I do hereby **recommend** that the District Court grant the Defendant's Motion to Dismiss [filed April 29, 2008; doc #7] as set forth herein.

Dated at Denver, Colorado, this 11th day of June, 2008.

BY THE COURT:


s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[4]In this regard, to the extent a judgment has entered, Plaintiff's claim is also barred by the *Rooker-Feldman* doctrine, which precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). If a judgment has not been entered in state court, the claim is barred pursuant to the *Younger* abstention doctrine. *See e.g. Winnebago Tribe of Nebraska v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).